UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| ROBERT BARTLETT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>THOMAS EDWARD WELLS and RUTH ALICE WELLS FAMILY TRUSTS & RUTH SIXSTONE-WELLS JOINT and SEVERAL, ROKNEBO, INC., RUTH SIXSTONE-WELLS, YARN CO. OF PALM DESERT, THE J. WELLS & WELLS COLLECTION, LAW OFFICES OF MATT H. MORRIS, RICHARD D. BREMER, MAHLER CORPORATION, and MATT H. MORRIS,<br><br>　　　　　　Defendants. | Case No. EDCV 07-00546 SGL (JCRx)<br><br>ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT |

　　This action arises out of a Wyoming divorce decree which awarded Robert Bartlett certain personal property, and Bartlett's later efforts to collect this property from his ex-wife, Ruth Sixstone-Wells, in proceedings before the Riverside County Superior Court.

　　This matter is before the Court on defendants' motion to dismiss Bartlett's first amended complaint ("FAC"), Bartlett's opposition thereto, and defendants' reply. For the reasons set forth below, the Court **GRANTS** defendants' motion.

I.

Wells met Bartlett while performing financial services for her business and the two soon married. (FAC ¶ 21). The couple's marriage, however, was not the stuff of which fairy tales are made. (FAC ¶¶ 23- 24). Wells later filed for divorce. (FAC ¶ 24). In preparation for the divorce proceedings, Wells allegedly committed felony blackmail and stole evidence that would substantiate Bartlett's successes and verify his assets. (FAC ¶ 24). The Wyoming divorce court, in granting the couple a divorce, denied Bartlett access to funds and granted Wells unlimited access to the family estate's money; in return Bartlett was awarded certain property. (FAC ¶ 25). Wells allegedly never returned that property to Bartlett.

Bartlett thereafter brought suit in the Riverside County Superior Court seeking recovery and damages related to the withheld property. (Opp. at 9). During the trial of his suit, the state court on May 6, 2004, issued an order directing Bartlett to "pick up his property" from Wells. (FAC ¶ 26). Allegedly, this order referred to a list of itemized property Bartlett had earlier submitted to the Riverside court that had not been turned over by Wells after the divorce decree. (FAC ¶¶ 26-27).

On May 8, 2004, Wells returned some, but not all, of the property on the list. (FAC ¶ 26). The state court then dismissed the case, and Bartlett's later appeals were dismissed. (FAC ¶ 26). On the day of pickup, Wells gave Bartlett no money and provided less than one percent of his personal property to him. (FAC ¶ 27).

II.

Bartlett has since filed suit in this Court against Wells; Thomas Edward Wells and Ruth Alice Wells Family Trusts & Ruth Sixstone-Wells Joint and Several; Roknebo, Inc.; Yarn Co. of Palm Desert; The J. Wells & Wells Collection; Law Offices of Matt H. Morris; Richard D. Bremer; Mahler Corporation; and Matt H. Morris. In all, Bartlett asserts twelve causes of action: (1) Failure to file tax returns, supply information, and pay tax; (2) failure to notify all shareholders of proceedings; (3) detinue (based on defendants' failure to return all personal property to plaintiff ordered by the Superior Court); (4) replevin (based

on defendants' failure to return all personal property to plaintiff ordered by the Superior Court); (5) trover, based on defendants' failure to return all personal property (valued at $600,870.64), ordered by the Superior Court; (6) detaining personal property, based on defendants' detainment of plaintiff's personal property; (7) suppression of evidence; (8) specific recovery of personal property (based on property awarded to plaintiff by Wyoming divorce decree); (9) fraud and intentional deceit (based on defendants' willful misrepresentation to the Superior Court that defendant had returned all property; (10) breach of implied covenant of good faith and fair dealing (based on defendants' breach of duty to return all personal property to plaintiff); (11) delivery (based on defendants' failure to return all personal property to plaintiff that was ordered to be delivered); and (12) declaratory relief and judicial notice (based on defendants' failure to return personal property and willful misrepresentation that all such property was returned).

### III.

In lieu of an answer, a party may, as the defendants have here, file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which provides that such a motion may be made where the pleader has "fail[ed] to state a claim upon which relief can be granted." Id. In deciding a Rule 12(b)(6) motion, the Court must also consider the requirements of Fed. R. Civ. P. 8(a), which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief" or, when the claim at issue avers fraud or mistake, the motion must be considered in conformity with Fed. R. Civ. P. 9(b), which requires fraud and mistake to be pleaded with particularity. See 5A Charles A. Wright & Arthur Miller, Federal Practice and Procedure, § 1356 (1990); James Wm. Moore, Moore's Federal Practice, Vol. 2 § 12.34[1][c].

In bringing a motion pursuant to Rule 12(b)(6), the moving party has the burden of persuading the Court that the amended complaint has failed to state a claim upon which relief can be granted. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991). In considering the motion, "courts must consider the complaint in its entirety," and

read it in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations in the complaint, as well as reasonable inferences drawn therefrom. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499, 2509 (2007); see also Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). However, the Court need not accept any unwarranted deductions of fact, or conclusory legal statements cast in the form of factual allegations. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Generally, a court cannot consider evidence in deciding a Rule 12(b)(6) motion; however, a court may consider exhibits attached to the amended complaint as well as documents that are not physically attached to the complaint but "whose contents are alleged in [the] complaint and whose authenticity no party questions." Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994). Facts of which a court may take judicial notice pursuant to Fed. R. Evid. 201 are also properly considered. Mir v. Little Company of Mary Hospital, 844 F.2d 646, 649 (9th Cir. 1988).

## IV.

As an initial matter, the Court finds several portions of this action to be suspect on their face. The first amended complaint contains several claims that are simply not legally cognizable under any set of facts. Specifically, the Court is unaware, and no authority has been proffered, for a legal claim in the nature of "suppression of evidence" or "failure to file tax returns" or "hold shareholder meetings." Compounding the problem with respect to these claims (and, frankly, with all the claims pressed in the complaint) is that Bartlett's attached exhibits often appear unclear, poorly identified, and irrelevant. Toward that end, the Court finds that the first, second, and seventh causes of action are completely unfounded and orders them **DISMISSED WITH PREJUDICE**.

The remaining claims all turn essentially on Bartlett's contention that this Court should enforce a Riverside County Superior Court order that required Wells to turn over certain property to Bartlett that was never turned over to him. Setting aside the impropriety of having a federal court enforce a state court's orders (rather than for the party to seek for the issuing court to do so in the first instance), Bartlett's claims are legally

barred on the basis of res judicata. The central contention to all of his claims -- that Wells must return certain property to Bartlett -- has previously been adjudicated in the Riverside County Superior Court in Wells' favor. That conclusion binds Bartlett; he cannot seek to collaterally attack that judgment (even if characterized as an effort to "enforce" the state court order) in this Court.

Bartlett argues this action has never been adjudicated because the events in question took place in May, 2004, whereas his previous complaints and cross-complaints filed in Riverside County Superior Court were based on events that took place beginning in 1994. Based on this assertion, Bartlett argues, his "causes of actions are entirely different than those adjudicated before." This Court disagrees.

"Res judicata," or "claim preclusion," bars litigation in a subsequent action of any claims that were raised or could have been raised in a prior action. Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (citing Western Radio Servs. Co. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997)). As the doctrine implies, parties are barred from litigating the exact same issues that have been presented, resolved, and for which final judgment has been entered in other courts of law. See Pension Trust Fund For Operating Eng'rs v. Triple A. Mach. Shop, Inc., 942 F.2d 1457, 1460 (9th Cir. 1991) (holding that res judicata operates as a bar to a reassertion of a cause of action which has previously been adjudicated by the same parties). Such preclusion applies clearly and unambiguously to facts in this case.

Clearly Bartlett's first amended complaint is based on the same exact issue as were his complaints before the Riverside County Superior Court. Every claim (whether for recovery of property or for related damages) by Bartlett involves his pursuit of personal property from Wells awarded to him in a 1999 Wyoming divorce decree. No other property is in question. Moreover, a careful review of the state court transcripts reveal that no order has ever existed instructing Wells or any of the other defendants to produce any specific item of property. To the contrary, the state court ruled **against** Bartlett on his

request for the return of said property, finding that his arguments had no legally cognizable basis.

Without an order to produce specific items of property, the state court denied on May 17, 2004, Bartlett's motion to compel delivery of personal property and ordered him to prepare a further briefing for the court's review. On May 19, 2004, Bartlett served a cross-complaint stating that not all of his personal property was returned, a complaint which was also later dismissed. In fact, all of Bartlett's cross-complaints (with the exception of one which he himself dismissed relating to the same action) were eventually dismissed. Bartlett subsequently filed nine appeals, and each was likewise dismissed.

An involuntary dismissal "operates as an adjudication on the merits" for purposes of res judicata. Fed. R. Civ. P. 41(b), <u>Owens</u>, 244 F.3d at 714. Therefore, Bartlett's prior action for damages and recovery of personal property was adjudicated on the merits in Riverside County Superior Court to satisfy res judicata.

Bartlett claims he "has never had a cause of action heard on the merits." However, in deciding Bartlett's complaints involving the same property at issue, the state court transcripts reveal that the state court judge suggested to Bartlett that he "find causes of action and then with specificity, elaborate on how [he would] prove each of those elements and what [he intends] to prove." It appears the state court judge dismissed Bartlett's complaint because, as the judge explained, "the fact that [Bartlett] can't tell me what [his] facts and [his] legal arguments are in [his trial brief] leads me to believe that [Bartlett doesn't] have any . . . basis for this." The state court judge described having given Bartlett two chances to provide an intelligible trial brief, calling Bartlett's revised brief "lacking any foundation" and his motions "unsupported by authorities or statute."

Furthermore, the judge described Bartlett's inadequate description of his property: "You just list the amounts and say 'damage in this amount.' As far as I'm concerned, that's just your opinion." Contrary to his allegations, Bartlett has had his day in court on the matters raised in the present complaint and the state court ruled against him. The fact

1  that the previous state court decision and appellate dismissals did not fulfill Bartlett's
2  wishes does not allow him to bring this action again.
3      Accordingly, Bartlett's action has already been litigated in its entirety, and res
4  judicata

applies. The Court therefore **GRANTS** defendants' motion to dismiss and **DISMISSES WITH PREJUDICE** plaintiff's first amended complaint.

The Court **DENIES** defendants' request for sanctions.

Dated: August 29, 2008

*[signature]*

STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE